The parties were divorced in June 1989. In September 1993 the husband filed a petition to modify his child support obligation. In July 1994 the wife filed a counter-petition for rule nisi, alleging that the husband had unilaterally reduced his child support obligation. Following a hearing on the petitions, the trial court entered an order in February 1995. The trial court granted the husband's modification request and reduced his monthly obligation. The trial court ordered the husband to pay to the wife $19,531.80 in arrearage, plus interest, and to pay the wife's attorney fees. The wife was awarded additional monies from the husband's retirement accounts.
The husband filed a Rule 59, Ala.R.Civ.P., motion to alter, amend, or vacate the judgment, or to grant a new trial. A request for a hearing was filed. There were matters presented in the motion which, if heard and proven, would affect the correctness of the judgment and the equities between the parties.
No hearing was granted. The motion fell victim to Rule 59.1 and was deemed denied by operation of law.
The issue presented on appeal is, was the denial of a hearing on the Rule 59 motion reversible error? In this case, we opine that it was.
Rule 59(g) provides that post-judgment motions "shall not be ruled upon until the parties have had opportunity to be heard thereon." We have said that if a hearing is requested, it must be granted. Staarup v. Staarup, 537 So.2d 56
(Ala.Civ.App. 1988). On appeal, however, if an appellate court determines that there is no probable merit to the motion, it may affirm based on the harmless *Page 308 
error rule. Walls v. Bank of Prattville, 554 So.2d 381
(Ala. 1989).
We find no prior appellate ruling on the effect of Rule 59.1 on the mandate of Rule 59(g).
The stated purpose of Rule 59.1 was to improve trial and appellate procedure and to prevent the delay of an appeal by the trial court's failing to rule on a duly filed post-judgment motion. 2 Champ Lyons, Jr., Alabama Rules of Civil ProcedureAnnotated § 59.1.1 (2d ed. 1986). It is Alabama judicial history that trial courts often kept a post-judgment motion under submission, even after a hearing, for months or even years without a ruling. A party could not proceed with an appeal because there was no final judgment. There have been instances of necessity to secure writs of mandamus to require the court to enter a ruling.
Rule 59.1 is an amendment to Rule 59 to ensure that such delays were to be no longer possible after 90 days from the filing of the post-judgment motion. Committee Comments, Rule 59.1, Ala.R.Civ.P.
The amendment has served its purpose of shortening the time of appeal. However, it does not speak to the case before us, in which a request for a hearing was filed under Rule 59(g). We consider that under the original rule as written, mandating a hearing of the motion, the failure to hold such a requested hearing is error and contrary to the purpose and intent of Rule 1, Ala.R.App.P.
It is, therefore, the opinion of this court that for a trial court to avoid the right to a requested hearing on a post-judgment motion and allow the motion to be deemed denied by operation of Rule 59.1 is error, to the extent that such motion presents matters which rise above the rule of harmless error. Walls.
It is, therefore, the judgment of this court that a hearing on the husband's post-judgment motion be set on its merits and a judgment entered thereon. The matters presented by the motion and raised on this appeal are not considered as presented so that they may be first considered and ruled on by the trial court.
Both parties request attorney fees on appeal. Both requests are denied.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975.
REVERSED AND REMANDED WITH DIRECTIONS.
ROBERTSON, P.J., and THIGPEN, YATES, and CRAWLEY, JJ., concur.
MONROE, J., concurs in the result.