ROBERTSON, Presiding Judge.
The plaintiffs, Michael Haston and his wife Sherry Haston, appeal from a summary judgment in favor of General Motors Corporation (“GM”) [1]
In May 1990, the Hastons purchased a 1990 Chevrolet Beretta automobile from Cooper Chevrolet-Geo (“Cooper”) in Anniston, Alabama. After the purchase, the Hastons returned the automobile to Cooper several times complaining that the front seat belts were “loose.” On each occasion, Cooper assured the Hastons that the seat belts were working properly. Thereafter, in January 1992, Mrs. Haston, while riding in the front passenger seat of the automobile, was thrown into the dash when Mr. Haston swerved and braked hard to avoid another automobile. Mrs. Haston was wearing her shoulder and lap belts at the time of the incident.
After the January 1992 incident, the Ha-stons took their automobile to Cooper complaining that the front seat belts did not lock when the brakes were applied. The evidence is in conflict as to what repairs Cooper made at that time.
On February 21, 1992, the Hastons, again had trouble with the shoulder and lap belts in their automobile. While stopped at a traffic light, their automobile was struck from behind by an automobile driven by Jerry McBrayer. Although Mr. and Mrs. Haston were wearing their lap and shoulder belts, both were injured in the collision. Mrs. Ha-ston, while sitting in the front passenger seat, was thrown forward into the dashboard. She was knocked unconscious by the impact and was treated for a dislocated jaw, lost teeth, and a broken nose. Mr. Haston suffered injuries to his neck and shoulder.
The Hastons sued McBrayer, Domino’s Pizza (McBrayer’s employer), and GM. McBrayer was never served with process. The claims against Domino’s Pizza were dismissed. The count against GM alleged that the front seat belt system in the Hastons’ automobile at the time of the accident was defective within the meaning of the Alabama Extended Manufacturers Liability Doctrine (“AEMLD”). The trial court entered a summary judgment for GM. The Hastons appealed. The Supreme Court transferred the appeal to this court pursuant to § 12-2-7, Ala.Code 1975.
The dispositive issue on appeal is whether the evidence presented by GM in support of its motion for summary judgment was sufficient to shift the burden of rebuttal to the Hastons. The Hastons argue that GM did not present sufficient evidence because, they say, the affidavit of GM’s “expert” did not comply with the requirements of § 12-21^4, Ala.Code 1975.
A summary judgment is proper when “the pleadings, depositions, answers to interrogatories, and admissions on file, together *1166 with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” Rule 56(c)(3), Ala.R.Civ.P. The burden is on the movant to show that there exists no genuine issue of material fact; however, once a party moving for a summary judgment makes a prima facie showing that no genuine issue of material fact exists, then the burden shifts to the nonmovant to rebut the prima facie showing. McClendon v. Mountain Top Indoor Flea Market, Inc., 601 So.2d 957 (Ala.1992).
When moving for a summary judgment, GM argued that the seat belts in the Hastons’ automobile at the time of the accident on February 21, 1992, were not defective. GM supported its argument with the affidavit of Gerald A. Cooper, a mechanical engineer employed in GM’s product analysis department. Cooper’s affidavit is the only evidence presented by GM which indicates that the seat belts in the Hastons’ automobile at the time of the accident were not defective.
In opposition to GM’s motion for summary judgment, the Hastons argued that Cooper’s affidavit did not comply with § 12-21-4, Ala. Code 1975. A nearly identical situation was before our Supreme Court in Murray v. Timberlake, 564 So.2d 885 (Ala.1990). In Murray, the Court stated:
“Ala.Code 1975, § 12-21-4 sets out the requirements for obtaining an out-of-state affidavit that will be used in an action in an Alabama court:
“Affidavits required in the commencement or progress of any action or judicial proceeding may be taken without this state before any commissioner appointed by the Governor of this state, any judge or clerk of a federal court, any judge or clerk of record or any notary public, who shall certify under their hands and seals of office, if any.
“The South Carolina notary public who signed the certification portion of [the] affidavit failed to affix the seal of her office and, therefore, the affidavit did not comply with the requisites of § 12-21-4. This noncompliance with the statute’s mandatory directive, couched in the plain language that requires no special interpretation, would most certainly have rendered the affidavit void....”
Murray v. Timberlake, 564 So.2d 885, 890 (Ala.1990) (emphasis added).
Cooper’s affidavit was signed by a Michigan notary public; however, the notary failed to affix her seal of office. In light of the precedent set in Murray, we have no choice but to conclude that Cooper’s affidavit was void.
Without Cooper’s affidavit, the evidence presented by GM in support of its motion for summary judgment was not sufficient to make a prima facie showing that no genuine issue of material fact exists. Consequently, we hold that the trial court erred in entering the summary judgment for GM.
REVERSED AND REMANDED.
THIGPEN and MONROE, JJ., concur.

. The Haston’s complaint refers to General Motors Corporation as General Motors Corporation, Chevrolet Motor Division.