MONROE, Judge.
The wife appeals from the trial court’s judgment denying her post-judgment motion without holding a hearing.
*1258 Julie Ann Gibert and Scott Halliday Gibert were divorced on October 2, 1996. In its judgment, the trial court awarded the parties joint custody of their three-year-old son and directed that the child would live with the husband. The trial court also established a visitation schedule for the wife, which included visiting the child Monday through Thursday after picking him up from day care; it also included having the child every other weekend, one week during the Christmas holidays, during the month of July, and on Mother’s Day. The wife was ordered to pay child support in the amount of $425 per month.
On April 14, 1997, the wife moved to have the court modify its judgment by awarding her primary custody or, alternatively, by modifying her visitation rights. In her motion, the wife stated that the husband had moved to New Orleans, Louisiana, making her Monday through Thursday visitation schedule impossible. In response, the husband also moved for a modification, requesting sole custody and also requesting that the wife’s child support obligation be increased. The husband also moved to hold the wife in contempt for failing to obey the original divorce judgment; he alleged that she had not allowed him to take possession of certain furniture and other personal possessions awarded to him in the original judgment.
The trial court held a hearing on the parties’ motions on June 17,1997. However, the record does not contain a transcript of the hearing. On June 23, 1997, the trial court entered an order denying the motions regarding custody, but granting the wife’s motion for modification of her visitation schedule. The order allowed the wife visitation on alternate weekends; from December 25 at 3:00 p.m. until January 2 at 3:00 p.m.; during spring holidays in alternate years; during Thanksgiving holidays in alternate years; and on Mother’s Day. The wife was ordered to pay the husband $10,122 for the furniture and other items that she had prevented him from repossessing in accordance with the original divorce judgment. In addition, the wife was ordered to pay the husband $1,350 that the original divorce judgment had ordered her to pay. Furthermore, the wife was allowed two weeks to become current in child support payments, and her child support payments were increased to $616 per month.
The wife filed a “motion to reconsider” the judgment and requested a hearing on that motion. We will treat that motion as a Rule 59(e), Ala. R. Civ. P., motion to alter, amend, or vacate the June 23, 1997, judgment. Her motion requested the trial court to change its rulings on the $1,350, on the $10,122, on the increase in child support, and on the modification of visitation. In her motion, she argued that she should not have to pay the $1,350, which, she stated, was for mortgage payments the husband claimed to have paid, because, she said, she had made the mortgage payments herself. In addition, she argued that she should not have to pay the $10,122, because, she said, she had complied with the original order and had returned the furniture and other household possessions awarded to the husband. She also argued that the child support award was in error because it was based on the assumption that she would be receiving overtime pay and she is not guaranteed overtime pay. Regarding visitation, the wife argued that the modification order prevented her from having the child on any Christmas morning and that, considering travel time, having the child at 3:00 p.m. Christmas day is essentially preventing her from having any visitation on Christmas day. She requested that the court provide that the Christmas visitation schedule would alternate each year so that each parent would have an opportunity to be with the child on Christmas morning. The trial court denied the wife’s motion on August 5,1997, without holding a hearing.
The sole issue on appeal is whether the trial court committed reversible error by not holding a hearing before ruling on the wife’s post-judgment motion.
Rule 59(g), Ala.R.Civ.P., provides that post-trial motions “shall not be ruled upon until the parties have had opportunity to be heard thereon.” A trial court errs by not granting a hearing when one has been requested pursuant to Rule 59(g); however, that error is not necessarily reversible error. Kitchens v. Maye, 623 So.2d 1082 (Ala.1993). *1259 The Alabama Supreme court has applied the following test in determining whether not granting a Rule 59(g) hearing is harmless error:
‘“Harmless error occurs, within the context of a Rule 59(g) motion, where there is either no probable merit in the grounds asserted in the motion, or where the appellate court resolves the issues presented therein, as a matter of law, adversely to the movant, by application of the same objective standard of review as that applied in the trial court.’ ”
Kitchens, 623 So.2d at 1088-89, quoting Greene v. Thompson, 554 So.2d 376, 381 (Ala.1989). Thus, we must determine whether there is “no probable merit” to the wife’s motion. Id.; Kilpatrick v. Kilpatrick, 678 So.2d 1185 (Ala.Civ.App.1996).
Based upon the foregoing, we conclude that the trial court erred by denying the wife’s post-judgment motion without a hearing. We cannot say that the arguments contained in the wife’s post-judgment motion were meritless; therefore, we cannot say that the error was harmless.
The judgment denying the wife’s post-judgment motion is reversed, and the cause is remanded for further proceedings consistent with this opinion.
The husband’s request for an attorney fee on appeal is denied.
REVERSED AND REMANDED.
ROBERTSON, P.J., and YATES, and THOMPSON, JJ., concur.
CRAWLEY, J., dissents.