779 So.2d 1220 (2000)
FLAGSTAR ENTERPRISES, INC.
v.
Dorothy FOSTER.
1990296.
Supreme Court of Alabama.
September 1, 2000.
Rick D. Norris, Jr., and Robert S. Lamar, Jr., of Lamar, Burgess, Hale, Miller, Norris & Feldman, P.C., Birmingham, for appellant.
John J. Lloyd and Michael J. Cartee of Shelby & Cartee, Tuscaloosa; and J. Mark Hart of Olschner & Hart, P.C., Birmingham, for appellee.
*1221 MADDOX, Justice.
Dorothy Foster tripped and fell on a rise in the parking-lot pavement outside a Hardee's restaurant in Centreville. The restaurant was owned and operated by Flagstar Enterprises, Inc. In the fall, she broke her left arm and suffered various other injuries, and, as a result, incurred approximately $23,000 in medical expenses. Foster sued Flagstar, alleging that negligence on its part had caused her fall. She requested $125,000 in damages; the jury, however, returned a verdict awarding her $200,000. The trial court entered a judgment on that verdict.
Flagstar appeals, presenting a number of issues. Because the trial court erred in failing to hold a hearing on Flagstar's post-trial motion, we reverse and remand. We pretermit discussion of the other issues presented by Flagstar.
Flagstar filed, pursuant to Rules 50 and 59, Ala.R.Civ.P., a motion for a judgment as a matter of law (formerly known as a judgment notwithstanding the verdict), or, in the alternative, for a new trial. In its motion, Flagstar alleged, among other things:
"12. There was misconduct on the part of juror S. during the course of voir dire which prejudiced the defendant. Specifically, juror S. failed to disclose that he had previously been an employee of the defendant at the same restaurant involved in this action, even though the jury venire was specifically questioned during voir dire examination as to whether any one of them had ever been employed by the defendant or at a Hardee's restaurant. Defendant did not learn of this juror's misconduct until after the verdict was returned.
"13. There was misconduct on the part of the jury during its deliberations which caused prejudice to the defendant, in that the jury sought and obtained from the court's bailiff an answer to a question as to whether it could award the plaintiff more money than asked for by the plaintiffs attorneys. These communications were unknown to the parties or the court at the time they occurred and at the time the verdict was rendered and the jury discharged."
Flagstar also specifically requested a hearing on this motion, "for the purpose of presenting evidence and argument," but the trial court did not hold a hearing. Because the court did not rule on the motion within 90 days, it was denied by operation of law. See Rule 59.1, Ala. R.Civ.P.
In general, whether to grant or to deny a posttrial motion is within the sound discretion of the trial court, and the exercise of that discretion will not be disturbed on appeal unless by its ruling the court abused some legal right and the record plainly shows that the trial court erred. See Green Tree Acceptance, Inc. v. Standridge, 565 So.2d 38 (Ala.1990). However, if a party requests a hearing on its motions for a new trial, the court must grant the request. Rule 59(g), Ala. R.Civ.P. See Walls v. Bank of Prattville, 554 So.2d 381, 382 (Ala.1989) ("[W]here a hearing on a motion for [a] new trial is requested pursuant to Rule 59(g), the trial court errs in not granting such a hearing."). Although it is error for the trial court not to grant such a hearing, this error is not necessarily reversible error. For example, if an appellate court determines that there was no probable merit to the motion, it may affirm based on the harmless-error rule. See Rule 45, Ala. R.App .P.; and Kitchens v. Maye, 623 So.2d 1082, 1088 (Ala.1993) ("failure to grant a hearing on a motion for new trial pursuant to Rule 59(g) is reversible error only if it `probably injuriously affected substantial rights of the parties'").
This case presents an issue substantially similar to the one addressed by the Court of Civil Appeals in Palmer v. Hall, 680 So.2d 307 (Ala.Civ.App.1996), namely whether the denial of a hearing on a Rule 59 motion, which denial occurred by operation of Rule 59.1, was reversible error. *1222 The court in Palmer stated, "[F]or a trial court to avoid the right to a requested hearing on a post-judgment motion and allow the motion to be deemed denied by operation of Rule 59.1 is error, to the extent that such motion presents matters which rise above the rule of harmless error." 680 So.2d at 308.
We must conclude that the trial court erred in allowing Flagstar's motion to be denied by operation of law without Flagstar's being heard on that motion, and we further conclude that this error was not harmless because we find "probable merit" in Flagstar's allegations of juror misconduct. Therefore, the judgment is reversed, and the cause is remanded for the trial court to conduct a hearing on the merits of Flagstar's posttrial motion.
REVERSED AND REMANDED WITH DIRECTIONS.
HOOPER, C.J., and HOUSTON, COOK, SEE, LYONS, BROWN, and ENGLAND, JJ., concur.
JOHNSTONE, J., dissents.
JOHNSTONE, Justice (dissenting).
I respectfully dissent from the decision to reverse the denial of the defendant's postjudgment motion and to remand for an evidentiary hearing on the motion. The defendant did not file any affidavit or other evidentiary material to support the postjudgment motion at any time during its pendency. Thus the defendant failed to provide the trial court any proof whatsoever that Juror S. had ever been employed by the defendant at any of its restaurants so as to owe an affirmative answer to the defendant's question whether he had ever been so employed. Likewise, the defendant provided the trial court no proof whatsoever to support the defendant's postjudgment motion allegation "that the jury sought and obtained from the court's bailiff an answer to a question as to whether it could award the plaintiff more money than asked for by the plaintiff's attorneys."
On the one hand, Rule 59(g), Ala.R.Civ. P., accorded the defendant a right to be heard on the defendant's postjudgment motion. On the other hand, this rule did not accord the defendant a right to call witnesses and to present live testimony at such a hearing. No language and no implication in any part of Rule 59 accords any party any right to call witnesses and to present live testimony at a hearing on a motion for new trial. Rather, live testimony on motions is governed by Rule 43(e), Ala.R.Civ.P., which reads as follows:
"When a motion is based on facts not appearing of record the court unless a jury is required may hear the matter on affidavits presented by the respective parties, but the court may direct that the matter be heard wholly or partly on oral testimony or depositions. Nothing herein shall be construed to enlarge or abridge the right to trial by jury."
This rule vests in the court the prerogative to hear live testimony, but does not grant either party to the motion an absolute right to present live testimony. The refusal of the judge to hear live testimony is within his discretion. No affidavits or other evidentiary materials of record establish to this Court that the trial judge abused his discretion in not hearing live testimony in this case.
Pleadings without proof are unavailing. Rule 59(c), Ala.R.Civ.P., contemplates that one or more affidavits will be filed in support of a motion for new trial based on facts outside the record. A motion for new trial based on facts outside the record cannot be granted without an affidavit or other evidentiary material to support the movant's allegations of those facts. Nall v. Tisdale, 581 So.2d 466 (Ala.1991); National Sec. Ins. Co. v. Elliott, 276 Ala. 353, 162 So.2d 449 (1964).
While, in the case before us, the trial judge's allowing the postjudgment motion to be denied by operation of law without a hearing may constitute error, this Court will not reverse an error unless the record establishes that the error "probably injuriously *1223 affected the substantial rights of" the aggrieved party. Rule 45, Ala.R.App.P. The absence of affidavits or other evidentiary material to support the factual allegations of the defendant's postjudgment motion leaves the record before us devoid of evidence that the denial of the motion "probably injuriously affected the substantial rights of" the defendant. In other words, the defendant's allegations without proof do not demonstrate the "probable merit in the grounds asserted" necessary to exclude the denial of the motion from the operation of the harmless error rule. Greene v. Thompson, 554 So.2d 376, 381 (Ala.1989) (explaining the application of a harmless error analysis to the erroneous summary denial of a Rule 59(g) postjudgment motion). Thus we should not reverse the denial of the motion.