MURDOCK, Judge,
concurring in part and dissenting in part.
I concur in this court’s affirmance of the default judgment in favor of the mother on her counterpetition, but I dissent from that part of the main opinion affirming the trial court’s denial of the father’s Rule 59(e), Ala. R. Civ. P., postjudgment motion regarding the trial court’s judgment against the father on his petition for a change of custody. I would reverse the trial court’s judgment as to that issue and remand the cause for further proceedings because I conclude that the father was entitled under Rule 59(g), Ala. R. Civ. P., to a hearing in order to make a record as to the assertions in his postjudgment motion — assertions that, if proven at such a hearing, would without question compel us to conclude that the trial court should have vacated its judgment against the father on the father’s petition for a change of custody.
In Part III of the main opinion, it is correctly noted that Rule 59(g) provides that postjudgment motions “shall not be ruled upon until the parties have had [an] opportunity to be heard thereon.” The main opinion also notes that our Supreme Court has stated that the denial of a post-judgment motion without a hearing thereon is harmless error where, among other things, there is “ ‘no probable merit in the grounds asserted in the motion.’ ” 888 So.2d at 1279 (quoting Historic Blakely Auth. v. Williams, 675 So.2d 350, 352 (Ala.1995)). The main opinion then reasons, however, that “[b]ecause we have already *1280 concluded that the dismissal of the father’s petition was within the trial court’s discretion under Rule 41(b), Ala. R. Civ. P., the trial court’s denial of a hearing as to his postjudgment motion challenging that ruling was necessarily harmless error.” 888 So.2d at 1279. Under the circumstances presented in this case, I believe this reasoning bootstraps the trial court’s initial ruling on the father’s petition so that the purported validity of that ruling itself is improperly utilized as the basis for denying a hearing to the father on his motion challenging the validity of that ruling.
Even if it was within the trial court’s discretion to deny the father’s post-judgment motion based on the existing record, it is quite possible that, if a hearing had been granted in accordance with Rule 59(g), a different record could have been made. In other words, the assertions of the father in his postjudgment motion regarding what he was told by the judge’s secretary, if proven by his testimony or by other evidence at a hearing in which the mother could present contrary evidence, would have required the trial court to grant the husband relief from its judgment denying the father’s petition. It therefore was an abuse of discretion for the trial court to deny the father a hearing on his postjudgment motion. See, e.g., Flagstar Enters., Inc. v. Foster, 779 So.2d 1220 (Ala.2000).
CRAWLEY, J., concurs.