THOMPSON, Presiding Judge.
DWOC, LLC (“DWOC”), filed a complaint against TRX Alliance, Inc. (“TRX”), alleging claims of breach of contract, fraud, intentional interference with contractual relations, and negligence. In its complaint, DWOC alleged that it is a tax-preparation business; that it purchased and utilized tax-preparation software from TRX; and that, “pursuant to the licensing agreement” for the tax-preparation software, it remitted tax filings it had prepared to TRX, which then forwarded those filings to the Internal Revenue Service (“IRS”). DWOC alleged that TRX was supposed to request that the IRS deposit the refunds from the tax filings DWOC had prepared into a banking account identified by DWOC, that DWOC would deduct its tax-preparation fees from those IRS refunds, and that DWOC would then remit the remainder of the refunds to the appropriate client taxpayers. However, according to DWOC, TRX failed to list DWOC’s bank account in the filings it made with the IRS, and the IRS sent the clients’ refunds directly to the clients, which deprived DWOC of the tax-preparation fees to which it was entitled for work it had performed on behalf of those clients. DWOC sought an award of compensatory and punitive damages.
In response to DWOC’s complaint, TRX filed a motion to dismiss based on improper venue. TRX argued in its motion to dismiss that the licensing agreement for the tax-preparation software purchased by DWOC contained a provision specifying that Tennessee law applied to any dispute arising between the parties as a result of the purchase of the software and that that agreement also contained a forum-selection clause requiring any legal action to be brought in “the courts located in Nashville, Tennessee.” In support of its motion to dismiss, TRX submitted as an exhibit a copy of a document titled “TRX ProKMO End-User Licensee Agreement” (hereinafter referred to as “the software-licensing agreement”). The software-licensing agreement specifies that it is “a legally binding contract between TRX Software Development, Inc. (‘Licensor’) and you.”
*1235 The term “you” in the software-licensing agreement TRX submitted in support of its motion to dismiss is not specifically defined in that document.
DWOC filed a motion in opposition to TRX’s motion to dismiss and a motion to strike the licensing-software agreement submitted in support of TRX’s motion to dismiss, in which, DWOC alleged, in pertinent part, that TRX had failed to properly authenticate the software-licensing agreement upon which it had based its motion to dismiss. The trial court scheduled the matter for a hearing on June 29, 2011. The record is not clear as to whether that hearing was conducted.
On July 20, 2011, TRX filed a brief in support of its motion to dismiss, and it supplemented its evidentiary submission to include an affidavit of Dustin Hughes, the general manager for TRX. In that affidavit, Hughes attempted to authenticate the software-licensing agreement, and he stated, among other things, that the purchase of the tax-preparation software from TRX was conditioned upon the purchaser’s agreement to the software-licensing agreement.
On August 5, 2011, the trial court found that the forum-selection clause required that the claims be litigated in Tennessee, and it entered a judgment dismissing DWOC’s claims without prejudice. DWOC filed a postjudgment motion in which it, among other things, moved the trial court to strike Hughes’s affidavit. DWOC argued that Hughes’s affidavit should be stricken because, it contended, the affidavit was not properly notarized. The postjudgment motion was denied by operation of law pursuant to Rule 59.1, Ala. R. Civ. P.; the trial court did not rule on the motion to strike.[1] DWOC timely appealed, and our supreme court transferred the appeal to this court pursuant to § 12-2-7(6), Ala.Code 1975.
Initially, we note that TRX’s submission to the trial court of the software-licensing agreement and, later, Hughes’s affidavit attempting to authenticate that agreement, did not operate to convert the motion to dismiss into a summary-judgment motion. See Rule 12(b), Ala. R. Civ. P. (“If, on a motion asserting the defense numbered [Rule 12(b) ](6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56.”). In this case, the motion to dismiss was not made pursuant to Rule 12(b)(6); rather, it was filed pursuant to Rule 12(b)(3). Our supreme court has held, with regard to motions to dismiss based on venue, that “a party may submit evidentiary matters to support a motion to dismiss that attacks venue.” Ex parte D.M. White Constr. Co., 806 So.2d 370, 372 (Ala.2001). Accordingly, we decline to construe TRX’s motion to dismiss as a motion for a summary judgment.
On appeal, DWOC contends that the trial court erred to reversal in failing to conduct the hearing it requested on its postjudgment motion. Rule 59(g), Ala. R. Civ. P., requires that a trial court conduct a hearing on a postjudgment motion if such a hearing is requested in that motion. Flagstar Enters., Inc. v. Foster, 779 So.2d *1236 1220, 1221 (Ala.2000). The failure to conduct a requested hearing on a post-judgment motion is error. Id. However, any such error “is reversible error only if it ‘probably injuriously affected substantial rights of the parties.’ ” Kitchens v. Maye, 623 So.2d 1082, 1088 (Ala.1993) (quoting Greene v. Thompson, 554 So.2d 376, 380-81 (Ala.1989)). If the failure to conduct a hearing did not “ ‘injuriously affect[ ] [the] substantial rights of the parties,’ ” that failure, while error, was harmless. Id.
“ ‘Harmless error occurs, within the context of a Rule 59(g) motion, where there is either no probable merit in the grounds asserted in the motion, or where the appellate court resolves the issues presented therein, as a matter of law, adversely to the movant, by application of the same objective standard of review as that applied in the trial court.’ ”
Kitchens v. Maye, 623 So.2d at 1088-89 (quoting Greene v. Thompson, 554 So.2d at 381).
Thus, we must determine whether the trial court’s failure to conduct a hearing on DWOC’s postjudgment motion was harmless error. DWOC contends that the trial court could not properly rely on Hughes’s affidavit to support the motion to dismiss.
We note that TRX contends, however, that DWOC failed to properly object to Hughes’s affidavit because DWOC did not renew its motion to strike, or file a new motion to strike, that addressed Hughes’s affidavit prior to the entry of the judgment of dismissal. In support of its argument that DWOC was required to renew its motion to strike, or file a new motion to strike the allegedly improperly executed affidavit, TRX relies on a recent supreme court case, Ex parte Secretary of Veterans Affairs, 92 So.3d 771 (Ala.2012). That case, and the cases it discusses, involved affidavits that our supreme court held were inadmissible under Rule 56(e), Ala. R. Civ. P., in the context of summary-judgment motions. TRX does not cite, nor has this court discovered, authority extending the requirements of Rule 56(e) in the context of motions to dismiss filed pursuant to Rule 12(b), Ala. R. Civ. P. Further, DWOC did file a motion to strike Hughes’s affidavit as part of its post-judgment motion filed in this case. Thus, the trial court was given the opportunity to consider DWOC’s argument. Given the facts of this case, we decline to hold that DWOC failed to preserve its challenge to Hughes’s affidavit for appellate review.
DWOC contends that Hughes’s affidavit may not be used to authenticate the software-licensing agreement because the affidavit does not comply with § 12-21-4, Ala.Code 1975. That section provides:
“Affidavits required in the commencement or progress of any action or judicial proceedings may be taken without this state before any commissioner appointed by the Governor of this state, any judge or clerk of a federal court, any judge or clerk of any court of record or any notary public, who shall certify under their hands and seals of office, if any.”
In Murray v. Timberlake, 564 So.2d 885 (Ala.1990), our supreme court held that an affidavit signed by a South Carolina notary did not comply with the requirements of § 12-21-4, Ala.Code 1975, because the South Carolina notary had failed to affix her seal to the affidavit. In that case, the supreme court concluded that the affidavit at issue was not timely filed, but it determined that the “noncompliance with [§ 12-21 — 4’s] mandatory directive, couched in plain language that requires no special interpretation, would most certainly have rendered the affidavit void if it had been *1237 timely filed.” Murray v. Timberlake, 564 So.2d at 890.
In Haston v. General Motors Corp., 678 So.2d 1164 (Ala.Civ.App.1996), the notary’s seal was not affixed to an affidavit filed in support of General Motors’ summary-judgment motion. This court held that, because the affidavit did not comply with § 12-21^4, the affidavit was void. Haston v. General Motors Corp., 678 So.2d at 1166.
Thus, we must agree with DWOC that Hughes’s affidavit did not comply with § 12-21^4, Ala.Code 1975, and, therefore, that it was void and not admissible to support TRX’s motion to dismiss. Murray v. Timberlake, 564 So.2d at 890; Haston v. General Motors Corp., 678 So.2d at 1166. The remaining support for the motion to dismiss was the software-licensing agreement, which specifies that the li-censor is an entity other than TRX. We note that, in its complaint, DWOC specified that it had a contract or licensing agreement with TRX, but there is nothing in the record on appeal to explain the relationship, if any, between the licensor identified in the software-licensing agreement and TRX, the defendant named in DWOC’s action.
Given the foregoing, we must hold “that the trial court erred in allowing [DWOC’s postjudgment] motion to be denied by operation of law without [DWOC’s] being heard on that motion, and we further conclude that this error was not harmless because we find ‘probable merit’ in” DWOC’s argument that the materials submitted by TRX were not admissible to support its motion to dismiss. Flagstar Enters., Inc. v. Foster, 779 So.2d at 1222. Accordingly, we reverse the judgment and remand the cause to the trial court for further proceedings.
REVERSED AND REMANDED.
PITTMAN, THOMAS, and MOORE, JJ., concur.
BRYAN, J., concurs in the result, without writing.

. DWOC has argued on appeal that the trial court erred in failing to strike Hughes's affidavit. However, because the trial court did not rule on either of DWOC’s motions to strike, there is no adverse ruling on that issue for this court to review on appeal. Jarrett v. Federal Nat'l Mortg. Ass’n, 72 So.3d 682, 685-86 (Ala.Civ.App.2011); Attorneys Ins. Mut. of Alabama, Inc. v. Alabama Dep’t of Ins., 64 So.3d 1, 22 (Ala.Civ.App.2010); and Olson v. State, 975 So.2d 357, 359 (Ala.Civ.App.2007).