MOORE, Judge.
Angela D. Nave Weiss (“the mother”) appeals from a judgment of the Madison Circuit Court (“the trial court”) insofar as that judgment declined to modify custody of one child, B.N.; declined to award post-minorify-educational support for another child, L.N.; declined to award pendente lite child support; and declined to establish an arrearage for past-due child support. She also challenges the trial court’s failure to hold a hearing on her post-judgment motion. We reverse.

Procedural History

On November 13, 2000, the mother and Clayton J. Nave, Jr. (“the father”), were divorced by a judgment of the trial court. Pursuant to the divorce judgment, the parties were awarded joint legal and physical custody of their minor children, M.N., L.N., and B.N. The parties alternated physical custody monthly. On November 5, 2004, the divorce judgment was modified by awarding the father legal and physical custody of M.N. and by ordering the mother to pay to the father monthly child support in the amount of $424.26 for the benefit of M.N. On September 15, 2009, the judgment was further modified by awarding the mother primary physical custody of L.N. and by ordering the father to pay to the mother monthly child support in the amount of $754 for the benefit of L.N.[1]
On December 22, 2010, the mother filed a petition requesting that she be awarded the legal and physical custody of the parties’ minor daughter, B.N., that she be awarded child support for the benefit of B.N., and that the father’s child-support obligation for L.N. be modified. She also requested that she be awarded pendente lite custody of, and child support for, B.N. On March 25, 2011, the trial court awarded the mother pendente lite custody of B.N. On May 27, 2011, the father answered the mother’s petition.
After a trial, the trial court entered a judgment on December 27, 2012, denying the mother’s petition for modification of custody, denying her request for postmi-nority-educational support for L.N., and denying all other requested relief.[2] On January 23, 2013, the mother filed a post-judgment motion in which she requested oral argument. The mother’s post-judgment motion was denied by operation of law on April 23, 2013. See Rule 59.1, Ala. R. Civ. P. On May 31, 2013, the mother filed her notice of appeal.

*1088
Discussion

On appeal, the mother argues that the trial court erred by failing to hold a hearing on her postjudgment motion. She also argues that the trial court erred by applying the custody-modification standard espoused in Ex parte McLendon, 455 So.2d 863 (Ala.1984), in determining whether to modify custody of B.N., by declining to award postminority-educational support for L.N., by declining to award her pendente lite child support, and by declining to establish an arrearage for past-due child support. We find the first argument dispositive.
“Rule 59(g), Ala. R. Civ. P., provides that postjudgment ‘motions remain pending until ruled upon by the court (subject to the provisions of Rule 59.1) but shall not be ruled upon until the parties have had opportunity to be heard thereon.’ This court has held that
“ ‘[generally, a movant who requests a hearing on his or her post-judgment motion is entitled to such a hearing. Rule 59(g), Ala. R. Civ. P.; Flagstar Enters., Inc. v. Foster, 779 So.2d 1220, 1221 (Ala.2000). A trial court’s failure to conduct a hearing is error. Flagstar Enters., 779 So.2d at 1221.’
“Dubose v. Dubose, 964 So.2d 42, 46 (Ala.Civ.App.2007); see also Staarup v. Staarup, 537 So.2d 56, 57 (Ala.Civ.App.1988) (‘[Rule 59(g) ] mandates that, when á hearing is requested on a motion for new trial, the hearing must be granted.’).
“[However], this court has recognized an exception to the general rule that the denial of a postjudgment motion without conducting a requested hearing is reversible error. See Gibert v. Gibert, 709 So.2d 1257, 1258 (Ala.Civ.App.1998) (‘A trial court errs by not granting a hearing when one has been requested pursuant to Rule 59(g); however, that error is not necessarily reversible error.’). ‘On appeal, ... if an appellate court determines that there is no probable merit to the motion, it may affirm based on the harmless error rule.’ Palmer v. Hall, 680 So.2d 307, 307-08 (Ala.Civ.App.1996); see also Lowe v. Lowe, 631 So.2d 1040, 1041 (Ala.Civ.App.1993) (‘Denial of a Rule 59 motion without a hearing is reversible error if the movant requested a hearing and harmful error is found.’). The Alabama Supreme Court has stated:
“‘Harmless error occurs, within the context of a Rule 59(g) motion, where there is either no probable merit in the grounds asserted in the motion, or where the appellate court resolves the issues presented therein, as a matter of law, adversely to the movant, by application of the same objective standard of review as that applied in the trial court.’
“Greene v. Thompson, 554 So.2d 376, 381 (Ala.1989). However, ‘[w]hen there is probable merit to the motion, the error cannot be considered harmless.’ Dubose, 964 So.2d at 46.”
Wicks v. Wicks, 49 So.3d 700, 701 (Ala.Civ.App.2010).
In her postjudgment motion, the mother raised the same substantive arguments that she now asserts on appeal. At least one of those arguments has probable merit. Because the parties shared joint physical custody of B.N., the best-interests standard for custody modification set forth in Ex parte Couch, 521 So.2d 987 (Ala.1988), not the McLendon standard, applied to the mother’s petition to modify custody of B.N. The trial court expressly stated in its judgment that it used the McLendon standard when deciding whether to modify custody of B.N. That error probably prejudiced the substantial rights of the mother. Hence, the trial court committed reversible error by not holding a hearing on the *1089 mother’s postjudgment motion. Wicks, 49 So.3d at 701.
We therefore reverse the trial court’s judgment and remand this cause for the trial court to hold a hearing on the mother’s postjudgment motion. Based on our supreme court’s holding in Ex parte Christopher, 145 So.3d 60 (Ala.2013), the mother has no right to postminority-edu-cational support for L.N., so the trial court need not consider that issue further on remand. The trial court is, however, instructed to consider on remand all the remaining arguments raised in the mother’s postjudgment motion. Because we have already determined that the mother’s postjudgment motion has probable merit, we pretermit discussion of the mother’s remaining substantive arguments. See, e.g., Henderson v. Henderson, 123 So.3d 974, 977 (Ala.Civ.App.2013).
REVERSED AND REMANDED WITH INSTRUCTIONS.
THOMPSON, P.J., and PITTMAN, THOMAS, and DONALDSON, JJ., concur.

. M.N. had become emancipated by the time the September 15, 2009, modification judgment was entered.

. At the final hearing, the mother requested that the father be ordered to pay postminority-educational support, and past-due child support, for L.N.