THOMPSON, Presiding Judge.
DWOC, LLC (“DWOC”), and TRX Alliance, Inc. (“TRX”), have been before this court previously. In an earlier opinion, this court set forth the underlying history and facts as follows:
“DWOC, LLC (‘DWOC’), filed a complaint against TRX Alliance, Inc. (‘TRX’), alleging claims of breach of contract, fraud, intentional interference with contractual relations, and negligence. In its complaint, DWOC alleged that it is a tax-preparation business; *980 that it purchased and utilized ta^-preparation software from TRX; and that, ‘pursuant to the licensing agreement’ for the tax-preparation software, it remitted tax filings it had prepared to TRX, which then forwarded those filings to the Internal Revenue Service (‘IRS’). DWOC alleged that TRX was supposed to request that the IRS deposit the refunds from the tax filings DWOC had prepared into a banking account identified by DWOC, that DWOC would deduct its tax-preparation fees from those IRS refunds, and that DWOC would then remit the remainder of the refunds to the appropriate client taxpayers. However, according to DWOC, TRX failed to list DWOC’s bank account in the filings it made with the IRS, and the IRS sent the clients’ refunds directly to the clients, which deprived DWOC of the tax-preparation fees to which it was entitled for work it had performed on behalf of those clients. DWOC sought an award of compensatory and punitive damages.
“In response to DWOC’s complaint, TRX filed a motion to dismiss based on improper venue. TRX argued in its motion to dismiss that the licensing agreement for the tax-preparation software purchased by DWOC contained a provision specifying that Tennessee law applied to any dispute arising between the parties [to that contract] as a result of the purchase of the software and that that agreement also contained a forum-selection clause requiring any legal action to be brought in ‘the courts located in Nashville, Tennessee.’ In support of its motion to dismiss, TRX submitted as an exhibit a copy of a document titled ‘TRX Prol040 End-User Licensee Agreement’ (hereinafter referred to as ‘the software-licensing agreement’). The software-licensing agreement specifies that it is ‘a legally binding contract between TRX Software Development, Inc. (“Licensor”) and you.’ The term ‘you’ in the software-licensing agreement TRX submitted in support of its motion to dismiss is not specifically defined in that document.
“DWOC filed a motion in opposition to TRX’s motion to dismiss and a motion to strike the licensing-software agreement submitted in support of TRX’s motion to dismiss, in which, DWOC alleged, in pertinent part, that TRX had failed to properly authenticate the software-licensing agreement upon which it had based its motion to dismiss....
“On July 20, 2011, TRX filed a brief in support of its motion to dismiss, and it supplemented its evidentiary submission to include an affidavit of Dustin Hughes, the general manager for TRX. In that affidavit, Hughes attempted to authenticate the software-licensing agreement. ...
“On August 5, 2011, the trial court found that the forum-selection clause required that the claims be litigated in Tennessee, and it entered a judgment dismissing DWOC’s claims without prejudice. DWOC filed a postjudgment motion in which it, among other things, moved the trial court to strike Hughes’s affidavit. DWOC argued that Hughes’s affidavit should be stricken because, it contended, the affidavit was not properly notarized. The postjudgment motion was denied by operation of law pursuant to Rule 59.1, Ala. R. Civ. P.; the trial court did not rule on the motion to strike. DWOC timely appealed, and our supreme court transferred the appeal to this court pursuant to § 12-2-7(6), Ala. Code 1975.”
DWOC, LLC v. TRX Alliance, Inc., 99 So.3d 1233, 1234-35 (Ala.Civ.App.2012) (footnote omitted).
In its appeal in DWOC, LLC v. TRX Alliance, Inc., supra, DWOC argued that *981 the trial court had erred in failing to conduct a hearing on its postjudgment motion to consider its argument that Dustin Hughes’s affidavit submitted in support of TRX’s motion to dismiss was not properly notarized pursuant to § 12-21-4, Ala.Code 1975, and, therefore, that the affidavit was not sufficient to support the motion to dismiss. This court agreed, concluding that Hughes’s affidavit was void for failure to comply with § 12-21^4 and that the remaining materials were not sufficient to support the August 5, 2011, judgment dismissing DWOC’s claims. This court determined that, because there was probable merit to DWOC’s postjudgment motion, the trial court had erred in denying that motion without first conducting a hearing. “Accordingly, we reverse[d] the judgment and remand[ed] the cause to the trial court for further proceedings.” DWOC, LLC v. TRX Alliance, Inc., 99 So.3d at 1237.
After the release of this court’s opinion in DWOC, LLC v. TRX Alliance, Inc., supra, DWOC moved the trial court for a “status conference,” and the trial court scheduled the matter for a hearing. Approximately one week before that scheduled hearing, TRX filed a renewed motion to dismiss DWOC’s claims. In support of its renewed motion to dismiss, TRX submitted a new affidavit of Hughes that was properly notarized, the software-licensing agreement between DWOC and TRX Software Development, Inc. (“TRS Software”), and DWOC’s complaint. DWOC did not file a response to the renewed motion to dismiss. The trial court conducted a hearing on January 15, 2013.
On August 22, 2013, the trial court entered a judgment in which it granted DWOC’s September 6, 2011, motion to strike Hughes’s July 19, 2011, affidavit that was the subject of the appeal in DWOC, LLC v. TRX Alliance, Inc., supra. In addition, in its August 22, 2013, judgment, the trial court dismissed with prejudice DWOC’s claims against TRX. DWOC filed a postjudgment motion in which it asserted the same arguments it has raised on appeal. The trial court denied that postjudgment motion, and DWOC timely appealed. Our supreme court transferred the appeal to this court pursuant to § 12-2-7, Ala.Code 1975.
In the current appeal, DWOC first argues that the trial court failed to comply with this court’s “remand order” in DWOC, LLC v. TRX Alliance, Inc., supra.[1] DWOC acknowledges that the trial court, in its August 22, 2013, judgment, struck Hughes’s original, July 19, 2011, affidavit. However, DWOC contends that the trial court erred in failing to enter an order denying TRX’s original motion to *982 dismiss and that its failure to do so was a failure to follow this court’s remand instructions. In our original opinion, this court remanded the case for further proceedings: An order explicitly denying TRX’s original motion to dismiss might have been procedurally correct. However, on October 20, 2012, after DWOC had moved for a status conference after remand, TRX renewed its motion to dismiss. Thus, presumably in the interest of judicial economy, the trial court also considered the renewed motion to dismiss during the hearing it had scheduled on DWOC’s request for a status conference. DWOC has not argued that the trial court was without authority to consider the renewed motion to dismiss during that hearing. Further, DWOC has failed to argue in what manner it was harmed by the trial court’s consideration of the renewed motion to dismiss during the hearing granted on DWOC’s request for a status conference or by the trial court’s failure to explicitly deny the original motion to dismiss. In DWOC, LLC v. TRX Alliance, Inc., this court ordered the trial court to conduct further proceedings as appropriate, and we conclude that the trial court did so. DWOC has not demonstrated error in asserting its argument that the trial court failed to comply with this court’s remand instructions.
DWOC also contends that the trial court erred in granting TRX’s renewed motion to dismiss. We note, as we did in our original opinion in this matter, that because this action involves a motion to dismiss based on improper venue pursuant to Rule 12(b)(3), Ala. R. Civ. P., the materials TRX submitted in support of its renewed motion to dismiss did not convert that motion into a summary-judgment motion. See DWOC, LLC v. TRX Alliance, Inc., 99 So.3d at 1235 (explaining that “[o]ur supreme court has held, with regard to motions to dismiss based on venue, that 'a party may submit evidentiary matters to support a motion to dismiss that attacks venue.’ Ex parte D.M. White Constr. Co., 806 So.2d 370, 372 (Ala.2001).”).
The record indicates that TRX Software is the parent company of TRX and that TRX is the sole defendant in this action. DWOC entered into the software-licensing agreement with TRX Software in November 2010; the forum-selection clause at issue is set forth in that software-licensing agreement. In this appeal, DWOC argues that, because TRX is not a party to the software-licensing agreement, the trial court erred in dismissing DWOC’s claims against TRX for improper venue based on the forum-selection clause. DWOC cites Russell v. Birmingham Oxygen Service, Inc., 408 So.2d 90 (Ala.1981), in which our supreme court held that a subsidiary could not seek to enforce a non-competition agreement entered into by its parent company. The court explained:
“A corporation is an entity created by compliance with statutory requirements. A corporation has the right to sue and be sued just like a natural person. Alabama Constitution, Article XII, § 240; Code 1975, § 10-2A-20(2). A corporation, just like an individual, must enforce its own rights and privileges.”
408 So.2d at 93.
DWOC argues that in this case, TRX, the subsidiary, cannot seek to enforce a forum-selection clause contained in the software-licensing agreement entered into by its parent company, TRX Software. We agree with DWOC that the evidence presented by TRX indicates that TRX and TRX Software are separate corporations and that, therefore, they are separate legal entities. Accordingly, we must conclude that TRX may not invoke the forum-selection clause in the software-licensing agreement, which is a contract between TRX *983 Software and DWOC. Russell v. Birmingham Oxygen Serv., Inc., 408 So.2d at 93.[2]
DWOC is correct that the trial court erred in relying on the forum-selection clause contained in the software-licensing agreement in granting TRX’s motion to dismiss all of DWOC’s claims. However, this court may affirm a judgment, or a portion of a judgment, that is correct for any reason. Boykin v. Magnolia Bay, Inc., 570 So.2d 639, 640 (Ala.1990). Accordingly, we must determine whether the trial court’s judgment, or a portion of it, may be affirmed on a basis other than improper venue.
In its breach-of-contract claim, DWOC alleged that TRX breached the software-licensing agreement. In order to assert a claim of breach of contract, DWOC was required to allege, among other things, that TRX breached a valid contract between TRX and DWOC. See Armstrong Bus. Servs., Inc. v. AmSouth Bank, 817 So.2d 665, 673 (Ala.2001) (“The elements of a breach-of-contract claim are: (1) the existence of a valid contract binding upon the parties in the action, (2) the plaintiffs own performance, (3) the defendant’s nonperformance, or breach, and (4) damage.”). Although DWOC did allege that “TRX” breached a contract, it is clear that, in making that assertion, DWOC refers to the same software-licensing agreement that was submitted in support of TRX’s motion to dismiss, i.e., to the software-licensing agreement between TRX Software and DWOC. TRX could not breach a contract or agreement to which it was not a party, and, therefore, DWOC has failed to properly allege the existence of a valid, binding contract between the parties. See Armstrong Bus. Servs., Inc. v. AmSouth Bank, supra. Therefore, DWOC has failed to state a valid breach-of-contract claim against TRX, and the trial court’s judgment of dismissal was correct as to the breach-of-contract claim. See Rule 12(b)(6), Ala. R. Civ. P.
This court is unable to determine whether the trial court’s judgment of dismissal might be correct as to DWOC’s claims alleging fraud, intentional interference with contractual relations, and negligence. In its complaint, DWOC named only TRX as a defendant. However, it appears that in some portions of the complaint, DWOC asserted in its allegations against TRX facts that might be related to actions taken by TRX Software or its representatives. It is unclear to what extent, if any, DWOC’s remaining claims might be dependent on the contract between it and TRX Software. Therefore, this court is unable to determine whether TRX’s assertion as to improper venue is implicated as to those claims or whether the motion to dismiss could be properly granted on another basis. Accordingly, we affirm the judgment of dismissal on the breach-of-contract claim, but we reverse the judgment of dismissal on DWOC’s other claims, and we remand the case for further proceedings on those remaining claims.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
PITTMAN, THOMAS, MOORE, and DONALDSON, JJ., concur.

. We note that, as an alternate argument in its brief on appeal, DWOC contends that this court should treat its argument on the issue of the trial court's purported failure to comply with this court’s remand instructions as a petition for a writ of mandamus. The trial court’s August 22, 2013, judgment dismissed DWOC’s claims, and, therefore, it was a final judgment from which an appeal, rather than a petition for a writ of mandamus, would lie. See State v. Greenetrack, 154 So.3d 940, 951 (Ala.2014) (holding that the orders at issue ’’amount[ed] to final judgments subject to appeal, not interlocutory orders subject to review by a petition for a writ of mandamus”); and Nowlin v. Druid City Hosp. Bd., 475 So.2d 469 (Ala.1985) (holding that review by appeal was appropriate because the order was a final judgment and not an interlocutory order). Also, a petition for a writ of mandamus must be filed within the presumptively reasonable time, i.e., within 42 days from the entry of the "order,” and that time is not extended by the filing of a postjudgment motion. Ex parte Troutman Sanders, LLP, 866 So.2d 547, 549-50 (Ala.2003). Thus, even assuming that mandamus relief could be said to be appropriate, DWOC sought review of the August 22, 2013, judgment well in excess of the presumptively reasonable time for filing a petition for a writ of mandamus.

. We also note that, unlike in Russell v. Birmingham Oxygen Service, Inc., supra, there has been no allegation that the software-licensing agreement was assigned to TRX or that TRX was intended to be the third-party beneficiary of the software-licensing agreement between TRX Software and DWOC.