MOORE, Judge.
Matthew Robinson appeals from a judgment entered by the Macon Circuit Court ("the trial court") in a protection-from-abuse action filed by Akeisha Danielle Arnold. We affirm the trial court's judgment.
Procedural History
On October 11, 2016, Arnold filed a petition seeking an order protecting her from abuse by Robinson. On October 14, 2016, the trial court entered an ex parte protection-from-abuse order and set the case for a final hearing. That same day, Robinson answered the petition. Following the final hearing, the trial court entered a final protection-from-abuse judgment against Robinson on November 21, 2016. On December 2, 2016, Robinson filed a postjudgment motion. Without conducting a hearing, the trial court entered an order on December 5, 2016, denying the postjudgment motion and stating, in pertinent part:
"Both [Robinson] and [Arnold] were present at the final hearing, with their respective counsel. Both parties were given full opportunity to present to the Court any evidence he or she desired the Court to consider. During this hearing, both parties, after conferring with their respective counsel, agreed to the relief requested by [Arnold]. This Court, however, independently found that there was sufficient evidence to support the issuance of a Final Order Of Protection From Abuse, in this cause, to protect [Arnold]."
On January 10, 2017, Robinson filed his notice of appeal.
On February 6, 2017, Robinson filed a "Motion for Statement of Evidence" with this court, noting that no transcript had been made of the final hearing and attaching his own affidavit setting forth his statement of what he asserted had transpired *35 at the proceedings. On February 14, 2017, this court denied Robinson's motion on the basis that he had not complied with the procedure set forth in Rules 10(d) and 10(f), Ala. R. App. P. (establishing procedure for providing a statement of the evidence when no transcript is available).
Discussion
On appeal, Robinson first argues that the trial court erred in declining to hold a hearing on his postjudgment motion.
" 'This court has held that
" ' "[g]enerally, a movant who requests a hearing on his or her postjudgment motion is entitled to such a hearing. Rule 59(g), Ala. R. Civ. P.; Flagstar Enters., Inc. v. Foster, 779 So.2d 1220, 1221 (Ala. 2000). A trial court's failure to conduct a hearing is error. Flagstar Enters., 779 So.2d at 1221."
" ' Dubose v. Dubose, 964 So.2d 42, 46 (Ala. Civ. App. 2007) ; see also Staarup v. Staarup, 537 So.2d 56, 57 (Ala. Civ. App. 1988) ("[ Rule 59(g) ] mandates that, when a hearing is requested on a motion for new trial, the hearing must be granted.").
" '[However], this court has recognized an exception to the general rule that the denial of a postjudgment motion without conducting a requested hearing is reversible error. See Gibert v. Gibert, 709 So.2d 1257, 1258 (Ala. Civ. App. 1998) ("A trial court errs by not granting a hearing when one has been requested pursuant to Rule 59(g) ; however, that error is not necessarily reversible error."). "On appeal, ... if an appellate court determines that there is no probable merit to the motion, it may affirm based on the harmless error rule." Palmer v. Hall, 680 So.2d 307, 307-08 (Ala. Civ. App. 1996) ; see also Lowe v. Lowe, 631 So.2d 1040, 1041 (Ala. Civ. App. 1993) ("Denial of a Rule 59 motion without a hearing is reversible error if the movant requested a hearing and harmful error is found."). The Alabama Supreme Court has stated:
" ' "Harmless error occurs, within the context of a Rule 59(g) motion, where there is either no probable merit in the grounds asserted in the motion, or where the appellate court resolves the issues presented therein, as a matter of law, adversely to the movant, by application of the same objective standard of review as that applied in the trial court."
" ' Greene v. Thompson, 554 So.2d 376, 381 (Ala. 1989). However, "[w]hen there is probable merit to the motion, the error cannot be considered harmless." Dubose, 964 So.2d at 46.'
" Wicks v. Wicks, 49 So.3d 700, 701 (Ala. Civ. App. 2010)."
Weiss v. Nave, 148 So.3d 1086, 1088 (Ala. Civ. App. 2014).
In Robinson's postjudgment motion, he argued that there was insufficient evidence to support the protection-from-abuse judgment, that the trial court had violated his constitutional rights to confront the accuser and to present evidence, and that there was no evidence of abuse as defined in Ala. Code 1975, § 30-5-2. As noted previously, in its order denying the postjudgment motion, the trial court refuted Robinson's arguments concerning what had transpired at the hearing; specifically, the trial court asserted that both Robinson and Arnold had been present at the hearing, that both parties had had the opportunity to present evidence, that both parties had agreed to the entry of the protection-from-abuse judgment, and that there was sufficient evidence to support the entry of the judgment.
*36 It is well established that "the party claiming error has the burden of showing error on the record and resulting injury." Dale Cty. Dep't of Pensions & Sec. v. Robles, 368 So.2d 39, 43 (Ala. Civ. App. 1979) ; see also Watson v. McGee, 348 So.2d 461, 463 (Ala. 1977) ("The appellant must not only establish error but also must show that he was probably prejudiced by the error.").
" ' " 'This court cannot assume error, nor can it presume the existence of facts [as] to which the record is silent.' The appellant has the burden of ensuring that the record contains sufficient evidence to warrant reversal." ' White v. Riley Constr., Inc., 745 So.2d 877, 879 (Ala. Civ. App. 1999) (quoting Alfa Mut. Gen. Ins. Co. v. Oglesby, 711 So.2d 938, 942 (Ala. 1997) ); see also Martin v. Martin, 656 So.2d 846, 848 (Ala. Civ. App. 1995) ('An error asserted on appeal must be affirmatively demonstrated by the record, and if the record does not disclose the facts upon which the asserted error is based, such error may not be considered on appeal.')."
Kimbrough v. Kimbrough, 963 So.2d 662, 665-66 (Ala. Civ. App. 2007).
In this case, the record on appeal does not contain a transcript of the final hearing or a Rule 10(d), Ala. R. App. P., statement of the evidence. In Gibert v. Gibert, 709 So.2d 1257 (Ala. Civ. App. 1998), the issue on appeal was whether the trial court in that case had erred by declining to hold a hearing on the husband's postjudgment motion. In Gibert, like in this case, there was no transcript of the hearing included in the record on appeal. This court held that, because we could not determine that the arguments presented in the husband's postjudgment motion were meritless, we could not hold that the trial court's error in declining to hold a hearing on that motion was harmless; therefore, we reversed the trial court's judgment and remanded the cause for further proceedings. 709 So.2d at 1259. Judge Crawley dissented to the main opinion, stating:
"Without a transcript of the hearing on the wife's motion to modify the divorce judgment, there is no way for this court to determine whether the wife's arguments have probable merit. We cannot put the trial court in error without knowing what issues were litigated and resolved at the hearing and what the factual basis for the court's judgment was.
"As the appellant, the wife has the duty of seeing that any error asserted on appeal is affirmatively demonstrated by the record. See Perkins v. Perkins, 465 So.2d 414 (Ala. Civ. App. 1984). If the record does not disclose the facts upon which the asserted error is based, the error may not be considered on appeal. Liberty Loan Corp. of Gadsden v. Williams, 406 So.2d 988 (Ala. Civ. App. 1981). Evidence presented to the trial court but not preserved in the record on appeal is conclusively presumed to support the trial court's judgment. English v. English, 352 So.2d 454 (Ala. Civ. App. 1977). See generally Greer v. Greer, 624 So.2d 1076 (Ala. Civ. App. 1993). I would affirm the trial court's denial, without a hearing, of the wife's post-judgment motion."
709 So.2d at 1259 (Crawley, J., dissenting).
Considering the aforementioned well-established law, including binding law from our supreme court, see Ala. Code 1975, § 12-3-16, and Watson, 348 So.2d at 463, holding that an appellant has the duty to show on the record that any error was prejudicial, we agree with Judge Crawley's dissent in Gibert. When an appellant fails to provide a transcript or a statement of the evidence, this court presumes that the omitted evidence fully supports the determination *37 of the trial court. In this context, we must presume that the transcript would reveal that the trial court afforded Robinson due process and that the evidence fully sustains its judgment so that Robinson was not harmed by the failure of the trial court to conduct a hearing on his postjudgment motion. To the extent that Gibert holds otherwise, we hereby overrule that decision.
Similarly, we are unable to address the merits of Robinson's other arguments-that there was insufficient evidence to support the protection-from-abuse judgment and that the trial court violated his constitutional rights to confront the accuser and to present evidence-because of Robinson's failure to provide this court with a transcript of the final hearing or a Rule 10(d) statement of the evidence. Kimbrough, 963 So.2d at 665-66.
The trial court's judgment is affirmed.
AFFIRMED.
Thompson, P.J., and Pittman, Thomas, and Donaldson, JJ., concur.