PER CURIAM.
Stuart C. Dubose (“the husband”) appeals from an order of the Clarke Circuit Court divorcing him from Allison T. Du-bose (“the wife”). For the reasons stated herein, we conclude that the trial court’s *1211 order is not final, and, as a result, we are required to dismiss the appeal.
Because of the manner in which we resolve this appeal, a detailed recitation of the facts and procedural history is unnecessary. The husband and the wife were married in 1988. Three children were born of the marriage, one of whom was a minor at the time of trial.
The wife filed an action for a divorce from the husband on March 25, 2008. On July 9, 2009, the trial court entered an order indicating that the parties had stipulated to a divorce, leaving all other matters for trial. After the wife sought the entry of a more formal order from the trial court divorcing the parties, the trial court, on August 4, 2009, entered an order divorcing the parties and retaining jurisdiction to decide all the other matters related to the divorce in a subsequent proceeding.
On November 30, 2009, the trial court held a bench trial during which it received evidence relative to the division of the parties’ marital property, alimony, child custody, and child support. On March 29, 2010, the trial court entered an order in which it, among other things, divided the parties’ marital property, awarded sole custody of the parties’ minor child to the wife, ordered the husband to pay child support, and ordered each party to pay half of the minor child’s college expenses when the child enrolled in college. The husband filed a notice of appeal to this court.
The husband raises several grounds for reversal on appeal. Although it is the policy of this court to reach the merits of an appeal whenever possible, see Brindley Constr. Co. v. Flanagan Lumber Co., 441 So.2d 907, 909 (Ala.Civ.App.1983), in this case, we cannot do so. Although neither party has directly challenged this court’s appellate jurisdiction, this court is required to consider its jurisdiction ex mero motu. Wallace v. Tee Jays Mfg. Co., 689 So.2d 210, 211 (Ala.Civ.App.1997). With certain exceptions not pertinent to this case, this court’s appellate jurisdiction extends only to final judgments. § 12-22-2, Ala.Code 1975. “The issue of whether a judgment is final is jurisdictional.” Hardy v. State ex rel. Chambers, 541 So.2d 566, 567 (Ala.Civ.App.1989). Our supreme court has defined a “final judgment” as “a terminative decision by a court of competent jurisdiction which demonstrates there has been complete adjudication of all matters in controversy between the litigants within the cognizance of that court. That is, it must be conclusive and certain in itself.” Jewell v. Jackson & Whitsitt Cotton Co., 331 So.2d 623, 625 (Ala.1976).
To be considered final, a judgment ordering one of the parties to pay child support must, among other things, set forth the amount of the party’s child-support obligation. This is so, because “[wjhere a party has requested child support and the trial court’s purported judgment contains no conclusive assessment of the child-support obligation, the trial court has not completely adjudicated the matters in controversy between the parties.” Anderson v. Anderson, 899 So.2d 1008, 1009 (Ala.Civ.App.2004). See also Turner v. Turner, 883 So.2d 233, 234 (Ala.Civ.App.2003) (judgment not final when, among other things, it did not contain a “conclusive assessment” of the father’s child-support obligation).
With regard to the calculation of child support in this case, the trial court’s order stated:
“Child support shall be paid to the [wife] in accordance with Rule 32[, Ala. R. Jud. Admin.,] modification tables effective January 1, 2009. The income for the parties will be[,] for the [wife,] her 2007 tax return showing a gross income *1212 of $70,292[,] and the [husband’s] gross income as defined by said Rule 32 shall be the average of [his] gross income for his 2006, 2007, and 2008 income-tax years. The [husband] will provide to the [wife]’s attorney these tax returns prior to the signing of this agreement for the calculation of child support. This ... figure will be divided by 12 for a monthly income that will be used along with the [wife’s] income to establish a monthly child support for [the minor child].
“An interim child-support amount shall be set at $400 per month for the parties’ minor child, by agreement of the [husband]. The court reserves the right to raise or lower this amount upon motion of any party and proof of [the husband]’s income.
“[The husband] shall submit the above information within 30 days.”
Thus, although the order required the husband to pay child support and provided the manner in which child support ultimately was to be calculated, the order did not provide the exact amount of the husband’s child-support obligation beyond providing for an “interim” amount of child support pending the ordered calculations. We also note that a subsequent paragraph of the order provided that “neither party shall pay monthly child support payment[s].”
Given the lack of conclusiveness and certainty in the order as to the issue of child support, see Jewell, 331 So.2d at 625, the order was not a final judgment and this court does not have jurisdiction over the husband’s appeal. Thus, we must dismiss the appeal. See Morgungenko v. Dwayne’s Body Shop, 23 So.3d 671, 674 (Ala.Civ.App.2009) (“This court must dismiss an appeal from a nonfinal judgment.”).
The wife’s request for an attorney’s fee on appeal is denied.
APPEAL DISMISSED.
THOMPSON, P.J., and BRYAN, THOMAS, and MOORE, JJ., concur.
PITTMAN, J., recuses himself.