On Application for Rehearing

PER CURIAM.
The ppinion of July 15, 2016, is withdrawn, and the following is substituted therefor. .
Stuart C. Dubose (“the husband”) appeals from , a judgment of the Clarke Circuit Court '(“the trial. court”) entered in this divorce-case,'which began eight years-ago:when, in March 2008, Allison T. Du-bose (“the wife”) filed a complaint for a divorce from the husband. During the pen-dency of this litigation, the partiés have béen before this court on multiple occasions; however, a full procedural ‘history is not necessary for the resolution of the issues in this áppeal.[1] The instánt' appeal arises out of the judgment the trial court entered on remand, pursuant to this court’s directive in Dubose v. Dubose, 172 So.3d 233 (Ala. Civ. App. 2014) (“Dubose III”).
We first note that, at the husband’s request, the records from all of the proceedings below have been incorporated as part of the record in this appeal. In Dubose III, this court was unable to determine whether the “imputed child support of $645” the trial court had calculated was the total child-support obligation for the parties’ minor child or only the husband’s child-support obligation. We also could not determine from the record how the trial court had arrived at the amount of $645. Thus, we reversed the judgment on the issue of child support and remanded the cause for the trial court to enter a child-support judgment In compliance with Rule 32, Ala, R. Jud. Admin. Id. at 240.
We also remanded the cause for the trial court to make a determination as to the ownership of certain personal property, including firearms, a tractor, a bulldozer, a backhoe, and a bull, that the husband had contended belonged to his father, Melton Dubose (“Melton”). Upon making that determination, the trial court was then to make the appropriate disposition of that property in its judgment. Id. at 244.
Also in Dubose III, this court affirmed the award of attorney fees to the wife; however, we reversed that portion of the judgment ordering the husband to pay “all attorney fees.” On remand, the trial court was directed to take evidence regarding the amount and reasonableness of the wife’s attorney fees and to establish a specific sum that the husband was required to pay toward the wife’s attorney fees. Id. at 247. The remainder of the trial court’s judgment, which, among other things, divided marital property, was affirmed. Id. at 248.
The trial court complied with the mandate from this court, and on April 30, 2015, it entered a judgment on remand. In that *1141 judgment, the trial court determined that certain firearms, the bull, and the bulldozer were not marital assets subject .to division. However, the trial court found, a 90-horsepower tractor and a Caterpillar backhoe were marital assets, and those two farm vehicles were awarded to the wife. In the judgment on remand, the trial court also awarded the wife $11,250 toward her attorney fees. Additionally, it imputed monthly gross income of $5,000 to the wife, it imputed monthly gross income of $6,300 to the husband, and it ordered the husband to pay $645 a month in child support retroactive to March 2010. All other provisions of the judgment that had been the subject of Dubose III remained in full force and effect.
The husband filed a timely motion to alter, amend, or vacate the judgment on remand. The trial court denied the motion without a hearing, and the husband filed a timely notice of appeal.
On appeal, the husband contends that the trial court erred in denying his postjudgment motion before affording him an opportunity to be heard on that motion. As the husband points out, Rule 59(g), Ala. R. Civ. P., provides that postjudgment “motions remain pending until ruled upon by the court (subject to the provisions of Rule 59.1) but shall not’be ruled upon until the parties have had opportunity to be heard thereon.” Additionally, this court has held that,
“[generally,- a movant who requests a hearing on his or her postjudgment motion is entitled to such a hearing. Rule 59(g), Ala. R. Civ. P.; Flagstar Enters., Inc. v. Foster, 779 So.2d 1220, 1221 (Ala. 2000). A trial court’s failure to conduct a hearing is error. Flagstar Enters., 779 So.2d at 1221.”
Dubose v. Dubose, 964 So.2d 42, 46 (Ala. Civ. App. 2007).
However,
“this court has recognized an. exception to the general rule that the denial of. a ■postjudgment motion without conducting a requested hearing is reversible error. See Gibert v. Gibert, 709 So.2d 1257, 1258 (Ala. Civ. App. 1998) (‘Á trial court errs by not granting a hearing when one has been requested pursuant to Rule 59(g); however, that error is not necessarily reversible error,’). ‘On appeal, ... if an appellate court determines that there is no probable merit to the motion, it may affirm based on the .harmless error rule.’ Palmer v. Hall, 680 So.2d 307, 307-08 (Ala. Civ. App. 1996); see also Lowe v. Lowe, 631 So.2d 1040, 1041 (Ala. Civ. App. 1993) (‘Denial of a Rule 59 motion without a hearing is reversible error if the movant requested a hearing and harmful error is found.’). The Alabama Supreme Court has stated:
“‘Harmless error occurs, within the context of a Rule 59(g) motion, where there is either no probable merit in the grounds asserted in the motion, or where the appellate court resolves the issues presented therein, as a matter of law, adversely to thé movant, by application of the same objective standard of review as that applied in the trial court.’
“Greene v. Thompson, 554 So.2d 376, 381 (Ala. 1989). However, ‘[w]hen there is probable merit -to the motion, the error cannot be considered harmless.’ Dubose [v. Dubose], 964 So.2d [42] at 46 [ (Ala. Civ. App. 2007)].”
Wicks v. Wicks, 49 So.3d 700, 701 (Ala. Civ. App. 2010).
Each of the issues the husband raised in his postjudgment motion is also raised on appeal. Therefore, we will consider each issue to determine whether the refusal to hold a hearing on the postjudgment motion constituted harmless error or whether *1142 there is probable merit to any of the issues presented.
First, the husband contends that the trial court’s finding that the 90-horse-power tractor and the backhoe were marital property subject to division is not supported by the evidence.[2] Specifically, the husband asserts that both farm vehicles belonged to his father, Melton, and that, therefore, the trial court could not properly award them to the wife as part of the division of marital property.
“Á divorce judgment that is based on evidence presented ore tenus is afforded a presumption of correctness. Brown v. Brown, 719 So.2d 228 (Ala. Civ. App. 1998). This presumption of correctness is based upon the trial court’s unique position to observe the parties and witnesses firsthand and to evaluate their demeanor and credibility. Brown, supra; Hall v. Mazzone, 486 So.2d 408 (Ala. 1986). A judgment of the trial 'court based on its findings of facts will be reversed only where it is so unsupported by the evidence as to be plainly and palpably wrong. Brown, supra. However, there is no presumption of correctness in the trial court’s application of law to the facts. Gaston v. Ames, 514 So.2d 877 (Ala. 1987).”
Robinson v. Robinson, 795 So.2d 729, 732-33 (Ala. Civ. App. 2001).
As to the property still in dispute, 1.e., the tractor and the backhoe, Melton testified' that the husband had purchased the 90-horsepower tractor in November 2005 for $50,671 and that the husband had given that tractor "to Melton in 2006. Melton testified that the husband wanted to “write off’ the tractor and that he had wanted Melton to have it. No further explanation was given as to how or why the husband intended to “write off’ the tractor. As to the backhoe, Melton testified that the husband turned it over in a creek in May 2008. When the backhoe was pulled out of the creek, Melton said, it was’ not operational. A repairman told Melton that he would pay Melton $9,000 for the backhoe. Melton testified that he then gave the husband $9,000 and produced a bill of sale, dated May 30, 2008, which was after the wife had filed her complaint for a divorce. The signature on the bill of sale is illegible, but it purports to be signed by the husband’s attorney in fact, pursuant to a power of attorney. The bill of sale indicates that ownership of the backhoe was transferred from the husband to DuBose Family Farms LLC, Melton’s limited-liability company. Melton testified that he then paid approximately $15,000 to have the backhoe repaired.
As we stated in Dubose III, “[t]he general -rule is that a trial court in a divorce action lacks jurisdiction to divide property legally titled in the name of a third party not joined in the divorce action. Roubicek v. Roubicek, 246 Ala. 442, 449, 21 So.2d 244, 251 (1945).” 172 So.3d at 243.
The husband filed a motion to alter, amend, or vacate the judgment, arguing that the evidence was insufficient to support the trial court’s determination as to the ownership of the tractor and the backhoe. The husband requested a hearing on the contentions made in the postjudgment motion.
Based on the evidence before us, we cannot say that there is no probable merit *1143 to the husband’s assertion that Melton is the owner of the tractor or the backhoe, such that he was not entitled to a hearing on the postjudgment motion raising this argument. See Wicks, supra. Accordingly, we reverse that portion of the judgment finding that the 90-horsepower tractor and the backhoe were marital property and awarding those vehicles to the wife, and we remand the cause to the trial court for it to hold a hearing as the husband requested, in accordance with Rule 59(g), Ala. R. Civ. P.
Likewise, on appeal, as he did in his postjudgment motion, the husband argues that the-trial court erred in its award of child support. The husband correctly notes that the wife did not submit a CS-41 child-support-obligation income statement/affidavit form as directed and that the trial court did not complete a CS-42 child-support-guidelines form to determine child support, as required by Rule 32, Ala. R. Jud. Admin. Instead, the trial court imputed monthly income of $5,000 to the wife and “a minimum of’ $6,300 a month to the husband based on the information in the record. The husband argued that the trial court should not have imputed income to the wife, but should have determined her actual income, and that the trial court should not have imputed income to the husband because he was not voluntarily unemployed and no evidence supported the imputed-income amount. See Rule 32(B)(5), Ala. R. Jud. Admin. The wife subsequently submitted a CS-41 form containing the imputed-income amounts determined by the trial court in the judgment on remand before the trial court ruled on the postjudgment motion.
The husband’s arguments against the child-support determination appear to have merit. The trial court imputed income of $5,000 to the wife even though it had received undisputed evidence indicating that her actual income exceeded that amount. Nothing in Rule 32 allows a trial court to reduce the actual income of a parent for any reason when computing child support. The wife could not .submit a CS-41 form after the entry of the. judgment to provide a basis for the trial court’s plainly incorrect $5,000 income amount. The trial court impliedly found the husband to be voluntarily unemployed, which it could do despite the fact that the husband later qualified for Social Security disr ability benefits. See Hudson v. Hudson, 178 So.3d 861 (Ala. Civ. App. 2014). However, the evidence in the record does not support a finding that the husband can earn monthly income of $6,300 based on his: current circumstances. The trial court can consider income produced from financial and other assets in determining child support, but the record does not contain any evidence of the income produced from the assets the husband maintains. Perhaps the trial court could impute income to the husband from the assets he has concealed, but the trial court would have had to comply with Rule 32(A), Ala. R. Jud. Admin., in order to deviate from the child-support guidelines, which it did not do, and the record would have to contain some evidence indicating that the assets could produce income at the rate imputed.
For these reasons, we conclude that there is probable merit to the issues regarding the computation of the husband’s child-support obligation. Therefore, the trial court erred in refusing to hold a hearing on those issues, which were raised in the husband’s postjudgment motion. Accordingly, we reverse the judgment on remand as to the issue of child support, and we remand the cause for the trial court to conduct a hearing on the issues related to child support that the husband raised in his postjudgment motion. See, e.g., Weiss v. Nave, 148 So.3d 1086, 1089 (Ala. Civ. *1144 App. 2014); Henderson v. Henderson, 123 So.3d 974, 979 (Ala. Civ. App. 2013).
The husband also contends that, in the judgment on remand, the trial court erred in ordering the husband to pay $11,250 toward the wife’s attorney' fees. In DuboSe III, we held that the trial court had not abused its discretion in ordering the husband-to pay at least a portion of the wife’s attorney fees, but we remanded the cause- for the trial court to establish a specific amount of the fees to be awarded. As we stated in Dubose III:
“•‘“Whether to award an attorney fee in a domestic relations case is within the sound discretion of the trial court and; absent an abuse of that discretion, its ruling on that question will not be reversed. Thompson v. Thompson, 650 So.2d 928 (Ala. Civ. App. 1994). ‘Factors to be considered by the trial court when awarding such fees include the financial- circumstances of the parties, the parties’ conduct, the results of the litigation, and, where appropriate, the trial court’s knowledge and experience as to the value of the-services performed by the attorney.’ Figures v. Figures, 624 So.2d 188, 191 (Ala. Civ. App. 1993). Additionally, a trial court is presumed to have knowledge from which it may set a reasonable attorney fee even when there is no evidence as to the reasonableness of the attorney fee. Taylor v. Taylor, 486 So.2d 1294 (Ala. Civ. App. 1986).”
“ ‘Glover v. Glover, 678 So.2d 174, 176 (Ala. Civ. App. 1996).
“Frazier v. Curry, 104 So.3d 220, 228 (Ala. Civ. App. 2012).”
172 So.3d at 245-46. See also Deas v. Deas, 747 So.2d 332, 337, (Ala. Civ. App. 1999)(“In determining whether to award an attorney fee [in a divorce action], the trial court considers equities similar to those which govern the division of property—the - earning, capacity of the parties, their financial circumstances, and the results of the litigation.”).
After outlining the evidence presented in the case regarding the assets of the parties, much of which is set forth above, we then stated in Dubose III:
“Furthermore, the trial court noted in the judgment that, during the course of the litigation,
“ ‘the [husband] has been in violation of numerous discovery orders and has been in constant contempt throughout this divorce- proceeding; has refused to engage in any discovery whatsoever claiming he did not have access to records or that the [wife] had them[,] and other action showing his utter contempt for these proceedings^] which this court finds unacceptable and-will deal with accordingly.’
“Considering the length of the parties’ marriage, the husband’s conduct in hiding assets and in litigating this matter, and the husband’s apparent financial ability to pay the wife’s attorney fees, we cannot say that the trial court abused its discretion in ordering the husband to •pay at least a portion of the wife’s attorney fees, However, we agree with’ the husband that the trial court erred in not setting a specified sum as‘the amount the husband' had to pay toward those attorney fees. This court has held that a trial court may not order’one party to pay anpther party’s attorney fees without first receiving evidence of the amount of those fees and then determining the reasonableness of that amount. A.B. v. J.B., 40 So.3d 723, 735 (Ala. Civ. App. 2009). There is no evidence in the record indicating that the trial court considered the amount or reasonable *1145 ness of the wife’s attorney fees before ordering that the husband be responsible for paying those fees. Accordingly, that portion of the judgment ordering the husband to,pay ‘all attorney fees’ is reversed. On remand, the trial court is directed to take evidence on the amount of fees, to consider the reasonableness of those fees, and to establish a specific sum that the husband must pay toward the wife’s attorney fees.”
172 So.3d at 246-47.
On appeal, the husband argues that, despite our conclusion in Dubose III that the trial court had not abused its discretion in awarding the wife attorney fees, the award was improper because, he says, the wife failed to demonstrate that she had a financial need for the award..
We first point out that our holding that the trial court did not abuse its discretion in ordering the husband to pay at least a portion of the wife’s attorney fees became the law of the case. The trial court was directed only to establish the amount of the attorney fees to be awarded.
“ ‘Under the doctrine of the “law of the case,” whatever is once established between the same parties in the same case continues to be the law of that case, whether or not correct on general principles, so long' as the facts on which the decision was predicated continue,to be the facts of the case.’ Blumberg v. Touche Ross & Co., 514 So.2d 922, 924 (Ala. 1987). See also Titan Indem. Co. v. Riley, 679 So.2d 701 (Ala. 1996). ‘It is well established that on remand the issues decided by an appellate court become the “law of the case,” and that the trial court must comply with the appellate court’s mandate.’ Gray v. Reynolds, 553 So.2d 79, 81 (Ala. 1989).”
Southern United Fire Ins. Co. v. Purma, 792 So.2d 1092, 1094 (Ala. 2001).
The trial court complied with this court’s directive on remand. The .wife’s .attorney submitted to the trial court an itemized billing statement reflecting the work, he had done from the inception of this matter in March 2008 through the trial that was held in November 2009. The total amount of attorney fees for that time was $49,813. In its judgment on remand, the trial court stated:
“This Court has reviewed the attorney fee bill submitted in this case and the [husband’s] response thereto, along with the evidence and testimony received throughout this case; based upon same, the Court finds a reasonable amount [the husband] shall pay towards attorney fees incurred by the [wife] is $11,250.”
The judgment on remand does not indicate that the trial court, intended to award the wife attorney fees solely based on her financial need. As mentioned, there are a number of- other, reasons' the trial court could have believed the husband should pay a share of the wife’s attorney fees. For example, the record indicates .that the husband refused to comply with a number of discovery requests, which resulted in the wife’s having to file motions to compel his compliance. The wife also sought to have the- husband held in contempt of court for his refusal to.abide by court orders. The trial court granted the wife’s requests. The trial court made reference to the husband’s conduct in the judgment of March 3, 2014—the judgment at issue in Dubose III, supra—saying:
“[T]he [husband] has been in violation of numerous discovery orders and has been in constant contempt throughout this divorce proceeding; has refused to engage in any discovery whatsoever claiming he did not have access to records or that the [wife] had, them[,] and other action showing his utter contempt for these *1146 proceedings!],] which this court finds unacceptable and will deal with accordingly.”
Further, the record on appeal in Dubose v. Dubose, 72 So.3d 1210 (Ala. Civ. App. 2011), the first appeal of this case, which, as noted earlier, is included in the record in the instant appeal, comprises more than 4,500 pages, which' is an extraordinarily large record in a divorce action. Based on the record before us, the trial court reasonably could have believed that the husband’s conduct during the litigation unnecessarily prolonged the matter or increased litigation costs, including attorney fees.
Although, in his brief on' appeal, the husband addresses the issue of financial need, one of the factors we ordered the trial court to consider in Dubose III, the husband does not argue that the trial court abused its discretion in awarding the wife an attorney fee based on the other factors set forth in Dubose III, such as the conduct of the parties or the results of the litigation. Thus, any argument the husband could have made on appeal challenging the award of attorney fees on those grounds is deemed waived. See Gary v. Crouch, 923 So.2d 1130, 1136 (Ala. Civ. App. 2005) (“[T]his court is confined in its review to addressing the arguments-raised-by the parties in their- briefs oh appeal; arguments not raised by the parties are waived.”); see also Palmer v. Palmer, 192 So.3d 12 (Ala. Civ. App. 2015) (same).
Moreover, because the trial court did not set out the factual basis for its award of attorney fees, we cannot conclude that the trial court failed to consider the wife’s financial need in making the award. The evidence indicated that the wife earned approximately $70,000 a year. Although the wife has apparently been' able to support herself on her income' alone, the amount of the attorney fees she incurred during the first two years this matter was pending is more than two-thirds of her annual salary. The trial court ordered the husband to pay the wife approximately 23% of the total attorney fees she had incurred through the initial trial of this case. Again, based on the record before us, even if the trial court did consider the wife’s financial need in making its attorney-fee award, we cannot conclude that the trial court abused its discretion in doing so. Accordingly, we hold that the trial court did not abuse its discretion in ordering the husband to pay the wife $11,250 toward her attorney fees. As to this issue, we conclude that the trial court’s failure to hold a hearing on the husband’s post-judgment motion constituted harmless error.
For the reasons set forth above, that portion of the judgment on remand determining that the tractor and the backhoe were marital property and awarding those items to the wife and that portion of the judgment determining the amount of the husband’s child-support obligation are reversed, and the cause is remanded for further proceedings. That portion of the judgment on remand awarding the wife attorney fees is affirmed.
The wife’s request for an award of attorney fees on appeal is denied.
APPLICATION GRANTED; OPINION OF JULY 15, 2016, WITHDRAWN; OPINION SUBSTITUTED; AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
Pittman and Donaldson, JJ,, concur.
. Thompson, P.J., concurs in part and . dissents in part, with writing.
Thomas, J., concurs in part and dissents in part, with writing.
*1147 Moore, J., concurs in part, concurs in the result in part, and dissents in part, with writing.

. For those interested in the complete procedural history, see Dubose v. Dubose, 72 So.3d 1210 (Ala. Civ. App. 2011); and Dubose v. Dubose, 132 So.3d 17 (Ala. Civ. App. 2013). In addition to those appeals and the appeal in Dubose v. Dubose, 172 So.3d 233 (Ala. Civ. App. 2014), the husband has subfriitted two petitions for a writ of mandamus to this court in this case. Both petitions were denied. See Ex parte Dubose (No. 2080900, July 10, 2009), 58 So.3d 863 (Ala. Civ. App. 2009) (table); and Ex parte Dubose (No. 2130384, March 19, 2014), 177 So.3d 485 (Ala. Civ. App. 2014) (table).

. On remand, the trial court found that a bull and a bulldozer whose ownership was disputed belonged to Melton. Melton had testified that he had paid the husband $45,000 for the bulldozer. A check dated Februaiy 27, 2008, made payable to the husband from Melton corroborated Melton’s testimony. The trial court also found that several specific firearms were not marital property.